IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JESSIE BROWN GRAVES,<br>    Movant, | :: <br> :: <br> :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | :: <br> :: <br> :: | CRIMINAL ACTION NO.<br>1:00-CR-749-JEC-LTW-1 |
| UNITED STATES OF AMERICA,<br>    Respondent. | :: <br> :: | CIVIL ACTION NO.<br>1:13-CV-2356-JEC-LTW |

### FINAL REPORT AND RECOMMENDATION

Movant is confined at the federal prison in Jesup, Georgia. Movant, pro se, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 172 in 1:00-cr-749-JEC-LTW.) Respondent filed a brief opposing the motion, (Doc. 178), and Movant filed a reply, (Doc. 179).

On August 20, 2001, Movant pled guilty, pursuant to a negotiated plea agreement, to brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. 81.) The crime of violence was a bank robbery, in which either Movant or his co-defendant brandished a firearm. It also was Movant's second armed bank robbery. Movant pled guilty in 1996 to the first offense, which also was a violation of § 924(c), and was sentenced to five years' imprisonment. J. & Commitment, *United States v. Graves*, No. 1:95-cr-554-JOF (N.D. Ga. Apr. 28, 1996).

Movant faced a mandatory minimum sentence of twenty-five years' imprisonment for the second conviction. 18 U.S.C. § 924(c). But the Court agreed with Respondent that a downward departure was warranted and sentenced Movant to 218 months in prison, five years of supervised release, a special assessment, and restitution. (Doc. 98.) Movant appealed. (Docs. 99, 101.)

On October 31, 2002, the U.S. Court of Appeals for the Eleventh Circuit dismissed Movant's appeal. (Doc. 119.) On December 19, 2002, the court of appeals denied Movant's motion for reconsideration. Order, *United States v. Graves*, No. 02-11178 (11th Cir. Dec. 19, 2002). Movant signed his § 2255 motion on July 11, 2013, which is deemed the filing date absent evidence to the contrary. (Doc. 172 at 8); *see Vanderberg v. Donaldson*, 259 F.3d 1321, 1325 (11th Cir. 2001).

Movant asserts two claims in his § 2255 motion. First, Movant contends that his guilty plea is invalid because the law at the time he pled guilty treated brandishing of a firearm and prior convictions as merely factors that could enhance a sentence, but *Alleyne v. United States*, 133 S. Ct. 2151 (2013) changed that law and made those things elements of the § 924(c) offense. (Doc. 172 at 4-5.) Second, Movant contends that his sentence violated the Constitution's ex post facto clause because § 924(c) was amended in 1998 to impose a twenty-five year mandatory minimum sentence, after

2

Movant's first § 924(c) conviction that triggered the provision. (*Id.* at 6-7.)

Respondent contends that Movant's claims are untimely, among other things. (Doc. 178.) Movant counters that his § 2255 motion is timely because he filed it within one year of the Supreme Court's decision in *Alleyne* and because he is actually innocent of the crime to which he pled guilty. (Doc. 172 at 2-4.)

A one-year statute of limitations applies to a § 2255 motion. 28 U.S.C. § 2255(f). The limitations period typically runs from the date on which the judgment of conviction becomes final. *Id.* § 225(f)(1). However, if the movant asserts a right newly recognized by the U.S. Supreme Court and made retroactively applicable to cases on collateral review, the limitations period begins on the date of the Supreme Court decision. *Id.* § 2255(f)(3); *Dodd v. United States*, 365 F.3d 1273, 1281 (11th Cir. 2004). Movant contends that § 2255(f)(3) applies here.

While the Supreme Court recognized a new right in *Alleyne* – the right to have a jury find any fact that increases a mandatory minimum sentence – the right is not retroactively applicable to cases on collateral review. Every federal court of appeal to decide the issue has held that *Alleyne* does not retroactively apply to cases on collateral review. *See In re Kemper*, No. 13-50695, 2013 WL 5969009 (5th Cir. Sept. 6, 2013); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013); *United States v. Redd*, No. 13-

3

2971, 2013 WL 5911428 (2d Cir. Nov. 5, 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). This Court has reached the same conclusion in cases where federal prisoners argued that their § 2255 motions were timely under § 2255(f)(3) based on *Alleyne*. *United States v. Marroquin-Alvarez*, No. 1:08-CR-363-TWT-8, 2013 WL 6190522 (N.D. Ga. Nov. 26, 2013); *Richards v. United States*, No. 1:07-CR-412-CAP-18, 2013 WL 5636678 (N.D. Ga. Oct. 15, 2013).

Section § 2255(f)(1) thus applies in this case, i.e., the limitations period began when Movant's judgment of conviction became final.[1] A judgment of conviction becomes final when all appeals have been decided or the time to seek further review has expired. *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003).

Movant had ninety days from the date the court of appeals denied his motion for reconsideration of the dismissal of his appeal, or until March 19, 2003, to seek review in the Supreme Court. *See* Sup. Ct. R. 13(1), (3); (Doc. 84.) Because Movant did not seek such review, his judgment of conviction became final, and § 2255's one-year statute of limitations commenced, on March 19, 2003. The limitations period

---

[1] Section § 2255(f)(1) applies to Movant's ex post facto claim even if *Alleyne* applied retroactively to cases on collateral review because the right asserted in that claim – the right to be free of ex post facto laws – was not newly recognized in *Alleyne*. (*See* Doc. 172 at 6-7.)

4

ended on March 19, 2004.² Movant filed his § 2255 motion on July 11, 2013, over nine years after the statute of limitations expired. The motion is therefore untimely.

Movant contends that any untimely filing should be excused by his innocence. A federal court can consider the merits of an untimely § 2255 motion if the movant establishes that he is actually innocent of the crime for which he was convicted. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The actual innocence exception "is exceedingly narrow in scope, as it concerns a [movant]'s 'actual' innocence rather than his 'legal' innocence." *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To show that he is innocent, as a factual matter, of the crimes for which he was convicted, the movant must present "new reliable evidence" and demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). The new evidence must be "reliable . . . whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Id.* at 324. It is "extremely rare" for a person to make the showing required to establish actual

---

² The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (quotation marks omitted).

AO 72A
(Rev.8/82)

innocence, as such cases are "truly 'extraordinary.'" *Id.* at 321, 324, 327; *see McQuiggin*, 133 S. Ct. at 1928 ("[T]enable actual-innocence gateway pleas are rare."); *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) ("The actual innocence exception is exceedingly narrow in scope, and the petitioner must demonstrate that he is factually innocent rather than legally innocent." (quotation marks omitted)).

Movant has presented no evidence, much less new, reliable evidence, showing that he did not commit the crime to which he pled guilty. Movant simply asserts that he is actually innocent because the evidence at the time he pled guilty showed only that his co-defendant brandished the firearm during the bank robbery. (Doc. 172 at 4-5.) That conclusory assertion is insufficient to make the rare and extraordinary showing of actual innocence. *See Schlup v. Delo*, 513 U.S. at 324; *San Martin*, 633 F.3d at 1268. When he pled guilty, Movant admitted to the facts showing that he aided and abetted his co-defendant's use of the firearm during the bank robbery, which precludes a finding that he is innocent of violating 18 U.S.C. § 924(c). *See United States v. Williams*, 334 F.3d 1228, 1232 (11th Cir. 2003) ("[B]ecause Williams would be liable for the conduct he aided and abetted, even if he did not carry a gun, he is accountable for the entirety of the conduct.").

6

For the foregoing reasons, the undersigned **RECOMMENDS** that Movant's motion to vacate his conviction under 28 U.S.C. § 2255 [172] be **DENIED** as untimely and that civil action number 1:13-cv-2356-JEC-LTW be **DISMISSED**. The undersigned further **RECOMMENDS** that Movant be **DENIED** a certificate of appealability because it is not reasonably debatable that his § 2255 motion is untimely. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 4 day of December, 2013.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)